<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| MISAEL CORDERO, : | |
| : | Civil Action No. 12-2136 (JAP) |
| Plaintiff, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| CHARLES E. WARREN, et al., : | |
| : | |
| Defendants. : | |

---

**APPEARANCES:**

Misael Cordero, <u>Pro</u> <u>Se</u>
257533-551325B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**PISANO**, District Judge

Plaintiff, Misael Cordero, confined at the New Jersey State Prison, Trenton, New Jersey, submitted this civil complaint alleging violations of his constitutional rights, and seeking damages pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, and seeks permission to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2) and §

1915A(b).   For   the   following   reasons,   the   complaint   will   be dismissed.

## BACKGROUND

Plaintiff seeks to sue the Administrator of the New Jersey State Prison, Charles E. Warren, and the Associate Administrator, William J. Anderson for monetary and injunctive relief.

Plaintiff asserts that on May 21, 2011, his brother and uncle attempted to visit him at the prison. On that day, there was a K-9 unit screening the visitors, and Plaintiff's brother was pulled aside and told that the K-9 gave a positive reading on him. Plaintiff's brother and uncle were taken to another area of the prison and were interrogated. They asked the officers to search them, but the officers refused to do so; instead, the officers asked them to leave the prison. Meanwhile, Plaintiff was told his contact visit was canceled and his cell was searched, and a urine test performed. Nothing was found in the cell, and the urine test came back clean. (Complt., ¶¶ 7-26).

On May 23, 2011, then-Administrator Greg Bartkowski sent Plaintiff and Plaintiff's brother a letter informing them that their visiting privileges were temporarily suspended for six months.[1] Two days later, Plaintiff filed a remedy form, which went unanswered. On August 26, 2011, when defendant Warren became

---

[1]     Although unclear, Plaintiff's complaint seems to suggest that only his visitation with his brother was suspended, not all visitation privileges.

Case 3:12-cv-02136-MAS-DEA   Document 4   Filed 11/16/12   Page 3 of 10 PageID: 42

Administrator, Plaintiff filed another grievance which went unanswered. In October, again he filed grievances which went unanswered. (Complt., ¶¶ 27-33).

After the six month visiting suspension, Plaintiff's brother sent a written request to reinstate the visiting privileges. The request was ignored. After going through a staff member at the prison, defendant Anderson denied Plaintiff's brother's request for reinstatement of visiting privileges on February 13, 2012. (Complt., ¶¶ 34-42). Plaintiff wrote grievances to defendant Warren, and to Gary Lanigan, the Commissioner of the Department of Corrections, to overturn defendant Anderson's denial, both of which went ignored. (Complt., ¶¶ 46-48).

Plaintiff argues that the denial of visiting privileges was done in retaliation for Plaintiff's filing of grievances and to deter Plaintiff from seeking redress. (Complt., ¶ 43-44).

Plaintiff argues that his First Amendment rights were violated because of retaliation for filing grievances, as well as his right to visits with a family member; that his Eighth Amendment right against cruel and unusual punishment was violated; and that the New Jersey Civil Rights Act was violated. (Complt., ¶¶ 49-68).

**DISCUSSION**

**A.    Legal Standard**

    **1.    Standards for a _Sua Sponte_ Dismissal**

        The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.   The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

        In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.   See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

        The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which

4

provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 556 U.S. 677-679.  See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## 2.  <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed.2d 40 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

## B.   <u>Plaintiff's Complaint Must Be Dismissed.</u>

To begin, there is no absolute constitutional right to visitation. <u>See</u> <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989) (there is no substantive due process right to "unfettered visitation"); <u>Neumeyer v. Beard</u>, 301 F. Supp.2d 349, 351 (M.D. Pa. 2004), <u>aff'd</u>, 421 F.3d 210 (3d Cir. 2005) (convicted prisoners and their families and spouses have no "absolute

constitutional right to visitation" other than with legal counsel); Young v. Vaughn, No. CIV. A. 98-4630, 2000 WL 1056444 (E.D. Pa. Aug. 1, 2000); Flanagan v. Shively, 783 F. Supp. 922, 934 (M.D. Pa. 1992) ("Inmates have no constitutional right to visitation. Prison authorities have discretion to curtail or deny visitation if they deem appropriate, and no due process right is implicated in the exercise of that discretion"), aff'd, 980 F.2d 722 (3d Cir. 1992), cert. denied, 510 U.S. 829 (1993); Buehl v. Lehman, 802 F. Supp. 1266, 1270 (E.D. Pa. 1992) (citing Mayo v. Lane, 867 F.2d 374, 375-76 (7th Cir. 1989)); see also Thorne v. Jones, 765 F.2d 1270, 1273-74 (5th Cir. 1985) (holding no First Amendment associational right to visitation); White v. Keller, 438 F. Supp. 110, 115-18 (D. Md. 1977) (holding neither prisoners nor prospective visitors have constitutional right to prison visitation), aff'd, 588 F.2d 913 (4th Cir. 1978).

Further, to prevail on a retaliation claim, a plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). See also Anderson v. Davila, 125 F.3d 148,

160 (3d Cir. 1997) (citing <u>Mt. Healthy City Sch. Dist. Bd. of Educ.</u> <u>v. Doyle</u>, 429 U.S. 274 (1977)); <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 386-99 (6th Cir. 1999), <u>cited with approval in</u> <u>Allah</u>, 229 F.3d at 225.

As noted, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotation omitted); <u>see also</u> <u>United States</u> <u>Dep't of Transp., ex rel. Arnold v. CMC Eng'g</u>, 564 F.3d 673, 676 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. Thus, to state a claim for retaliation, a plaintiff must allege "'a chronology of events from which retaliation may be inferred.'" <u>Bendy v. Ocean</u> <u>County Jail</u>, No. 07-1421, 2009 WL 2170424, *3 (3d Cir. July 22, 2009) (citation omitted).

Here, assuming Plaintiff was engaging in constitutionally-protected activity (filing grievances), Plaintiff nevertheless has failed to allege adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights. Certainly, Plaintiff does not allege that he, personally, was deterred from exercising his constitutional rights. He has

continued to bring grievances and civil rights actions in federal court.

Additionally, Plaintiff has not alleged facts sufficient to satisfy the third prong of retaliation; that is, that the protected activity was a substantial factor in the state actor's decision to take adverse action. In fact, in this case, Plaintiff avers that the denial of the visitation privilege was due to a positive reading by a K-9, whether the reading was a false positive or not. As such, Plaintiff does not adequately plead that the denial of visitation was due to any reason other than the positive K-9 reading.

Thus, the allegations are not sufficient to raise his claim of retaliation above the speculative level. Cf. Lopez v. Beard, No. 08-3699, 2009 WL 1705674 (3d Cir. June 18, 2009) (allegation of that denial of visitation on two occasions was in retaliation for filing grievances is frivolous). Plaintiff's complaint must be dismissed.

Finally, because this Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).[2]

---

[2]     This Court notes that Plaintiff's Eighth Amendment claim for loss of visitation must also be denied. See Renchenski v. Williams, 622 F.3d 315, 334-35, 338 (3d Cir. 2010) (loss of privileges, including loss of prison job, assignment to disciplinary custody, cell restriction, loss of visitors, and loss of TV, radio and commissary, for refusing to participate in sex offender treatment program, does not constitute compulsion under the Fifth Amendment or inflict cruel and unusual punishment

**CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Plaintiff may move to reopen this case to file an amended complaint if he can cure the deficiencies outlined in this opinion.[3]

An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: November 16, 2012

_____

under the Eighth Amendment, given that the DOC provides inmate with food, shelter and access to medical care).

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. See id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. See id.