UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, | : |
| Plaintiff, | : Civil Action No. 12-2136 (MAS) (DEA) |
| v. | : |
| | : **MEMORANDUM OPINION** |
| CHARLES E. WARREN, et al., | : |
| Defendants. | : |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Misael Cordero's ("Plaintiff") appeal of a non-dispositive order issued by the Honorable Douglas E. Arpert, U.S.M.J. (Order, ECF No. 47), denying Plaintiff's motion to appoint pro bono counsel and motion to compel discovery. (Pl.'s Appeal, ECF No. 48.) Defendants filed opposition. (ECF No. 49.) The Court has carefully considered the parties' positions and decides the appeal without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Plaintiff's appeal.

**I.   Legal Standards**

Section 636(b) of Title 28 to the United States Code and Local Civil Rule 72.1(c) govern appeals from non-dispositive orders of United States Magistrate Judges. Both direct District Courts to consider the appeal and set aside any portion of the Magistrate Judge's order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72.1(c)(1)(A). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001) (citing *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995)).

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). While the scope of discovery may be broad, it is not without bounds. Rule 26(b)(2)(C) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."). In addition, once a party opposing discovery raises an objection, "the party seeking discovery must demonstrate the relevancy of the requested information." *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 101 (E.D. Pa. 2010) (quoting *Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa. 1994)).

Notably, on an appeal from a discovery order, the scope of the District Court's review is narrow. *Alit (No. 1) Ltd. v. Brooks Ins. Agency*, No. 10-2403, 2012 WL 5304636, at *2 (D.N.J. Oct. 25, 2012). Moreover, the management of discovery is typically committed to a court's sound discretion. *Miller v. Hassinger*, 173 F. App'x 948, 954 (3d Cir. 2006) (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987)). "Where a Magistrate Judge is authorized to exercise his . . . discretion in determining a non-dispositive motion, the decision will be reversed only for an abuse of that discretion." *Thomas*, 137 F. Supp. 2d at 579 (citing *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997); *Kresefsky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)).

## II. Discussion

The Court has considered Plaintiff's appeal in light of the above cited legal standards and finds no basis to disturb Judge Arpert's rulings, as set forth in more detail below.

### A. Application for Pro Bono Counsel

Plaintiff appeals Judge Arpert's denial of his motion to appoint pro bono counsel. (Pl.'s Pro Bono Mot., ECF No. 36.) In his appeal, Plaintiff asserts that Judge Arpert failed to properly weigh the *Tabron* factors, the factors the Court must consider in determining whether to appoint pro bono counsel. (Pl.'s Appeal 3-5.) In addition, Plaintiff argues that Judge Arpert's reliance on *Jenkins v. D'Amico* and "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time" was "totally unfair." (*Id.* at 5.) The Court does not find error in Judge Arpert's determination that the overall weight of the *Tabron* factors warranted denial of Plaintiff's motion. In his decision, Judge Arpert specifically noted that: (1) "this matter appears to present relatively straightforward legal issues and does not appear to be unusually complex"; (2) Plaintiff has ably represented himself to this point, which is evidenced by his filings that include a successful appeal of the dismissal of certain claims; and (3) this matter has not reached the trial stage. (Order 2.) Moreover, Judge Arpert's decision provided that "[t]he Court will continue to monitor the considerations raised by Plaintiff and, as the case proceeds, may exercise its discretion to appoint counsel *sua sponte* if any of these considerations change." (*Id.* at 3.) Here, the Court finds that Judge Arpert's decision fell within his broad discretion.

### B. Interrogatory Number Seventeen

Interrogatory Number Seventeen asks whether Defendants have ever been convicted of a crime. (Pl.'s Mot. to Compel 5, ECF No. 41.) In his motion to compel, Plaintiff indicated that

two Defendants responded to the interrogatory but Defendant Suzanne Lawrence ("Defendant Lawrence"), Assistant Superintendent at New Jersey State Prison, objected on the basis that the requested information "is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) Plaintiff then cited: (1) *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997), for the proposition that prior convictions are relevant in civil litigations; (2) Federal Rule of Evidence 609(a)(1)(2) for the proposition that a witness's prior convictions can be admitted into evidence for impeachment purposes under certain circumstances; and (3) *United States v. Adedoyin*, 369 F.3d 337, 343-44 (3d Cir. 2004), for the proposition that nolo contendere pleas can be admitted. (*Id.*)

Plaintiff correctly asserts that Judge Arpert did not set forth his reasons for denying Plaintiff's motion to compel with respect to Interrogatory Number Seventeen. The Court, nevertheless, finds that the denial was within Judge Arpert's discretion. The allegations in Plaintiff's Amended Complaint relate to the prison's cancellation of Plaintiff's contact visits with his special needs brother. (*See generally* Am. Compl., ECF No. 5-2.) The prison took the action against Plaintiff following an incident in which a dog that screened prison visitors alerted on Plaintiff's brother as he entered the facility to visit Plaintiff on May 21, 2011. (*Id.* ¶ 10.) The investigation immediately following the alert did not reveal contraband and Plaintiff alleged that the dog falsely alerted on his brother. (*Id.* ¶ 11.) The prison, nevertheless, cancelled Plaintiff's contact visits following the alert and shortly thereafter suspended Plaintiff's contact and window visitation privileges with his brother for a period of six months. (*Id.* ¶ 13.) Between May 25, 2011 and November 28, 2011, Plaintiff filed numerous grievances, which Plaintiff alleges were ignored. (*Id.* ¶¶ 13-16.) The allegations in the Amended Complaint with respect to Defendant Lawrence

4

relate to her alleged role in delaying and refusing to reinstate Plaintiff's contact visits with his brother. (*Id.* ¶¶ 26-27, 29-30.)

Although Defendants did not address Interrogatory Number Seventeen in opposition to Plaintiff's motion to compel (*see generally* Defs.' Opp'n Br., ECF No. 43), Defendant Lawrence objected to the interrogatory itself. (Pl.'s Mot. to Compel 5.) Not satisfied with Defendant Lawrence's response, Plaintiff filed the motion to compel. Plaintiff's motion papers, however, failed to demonstrate the relevancy of the requested discovery. In particular, Plaintiff failed to set forth any link between the specific discovery requested and his remaining claims in the present case. In addition, Plaintiff supported his motion with references to general propositions from clearly distinguishable cases. For example, Plaintiff's brief cited *Cox v. McClellan*, a case in which the plaintiff alleged excessive force against two defendants based on an incident that occurred at a correctional facility. 174 F.R.D. at 33. After filing suit, the *Cox* plaintiff sought discovery regarding one of the named defendant's arrest for assault, arguing that the evidence may be relevant to his excessive force claim or admissible for impeachment purposes. *Id.* The *Cox* court granted the motion, noting that "incidents of excessive force by individual defendants are clearly discoverable in § 1983 cases." *Id.* at 34. The facts of the present case are clearly distinguishable from those in *Cox*.

Moreover, while the propositions of law for which Plaintiff cited Federal Rule of Evidence 609(a)(1)(2) and *United States v. Adedoyin* may be correct, Plaintiff did not demonstrate how his discovery request—whether Defendant Lawrence has ever been convicted of a crime—is relevant to his claim "and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

5

burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Accordingly, even though Judge Arpert did not provide the specific analysis underlying his decision to deny Plaintiff's motion with respect to Interrogatory Number Seventeen, the Court finds that Judge Arpert had good cause to deny the discovery request.

Furthermore, the docket in the present case reflects the fact that discovery has not concluded in this matter. Subsequent to his appeal of Judge Arpert's decision, Plaintiff filed another motion to compel, which is currently pending. (ECF No. 50.) Defendants also filed correspondence with respect to their efforts to provide certain discovery to Plaintiff (ECF Nos. 51-52), and Plaintiff filed a response to Defendants' correspondence (ECF No. 53). In an abundance of caution, in light of the broad parameters of discovery and Defendants' failure to originally respond to Plaintiff's motion to compel with respect to Interrogatory Number Seventeen, the Court finds good cause to provide Plaintiff the opportunity to supplement his argument with respect to Interrogatory Number Seventeen and to require Defendants to respond. Judge Arpert will then have the opportunity to consider Plaintiff's renewed request.

### C. Document Request Number Ten

Document Request Number Ten seeks "[a]ll and every Agenda (issues) from May 2011 to April 2013 submitted by Wing Representatives at New Jersey State Prison complaining about the Remedy Forms (grievances) not being answered, and all and every Minutes (responses) by the NJSP Administration to said issues." (Order 4.) In his decision, Judge Arpert stated that while the materials were not within the possession, custody, or control of the individual Defendants, Defendants requested the New Jersey Department of Corrections ("NJDOC" or "Department") to conduct a records search and no responsive documents were located. (*Id.*) Judge Arpert's decision also noted Defendants' assertion that Plaintiff referenced the phrase "Inmate Liaison Committee"

for the first time in his motion to compel and that Defendants would request the Department to conduct another search with the new information. (*Id.*) In his appeal, Plaintiff argues that Judge Arpert relied on Defendants' self-serving allegations that: (1) they requested the NJDOC to conduct a records search; (2) no responsive documents were found; and (3) they would request the NJDOC to conduct another search. (Pl.'s Appeal 7.) Plaintiff argues that Defendants have a legal duty to record and produce the requested documents under N.J.A.C. 10A:12.4(a) and (b), and that the Court should sanction Defendants by prohibiting them from raising the failure-to-exhaust defense if they fail to produce the documents. (*Id.*) Here, the Court finds no fault in Judge Arpert's decision. Moreover, as this discovery request remains an open item, Judge Arpert has the discretion to enter any necessary orders regarding this request.

### D. Remainder of Plaintiff's Discovery Requests

The Court also finds that Judge Arpert did not abuse his discretion with respect to his findings regarding Plaintiff's remaining discovery requests. Document Request Number Seven seeks "[a]ny and all notes, documents, letters, memoranda, files, records, record books, logs, remedy forms, grievance reports or written communications concerning complaints made by inmates at New Jersey State Prison due to suspension of visit privileges because a dog gave an alert against their visitors, from the last seven years." (Order 3.) In denying Plaintiff's request, Judge Arpert noted that: (1) Defendants are all individuals; (2) the requested documents are not in Defendants' possession, custody, or control; and (3) the requested documents are in the possession, custody, or control of the NJDOC, which is not a party to this action. (*Id.* at 3-4.) Judge Arpert also rejected Plaintiff's argument that Defendants could simply "access [NJDOC's] database themselves to retrieve the information." (*Id.* at 4.)

7

Document Request Number Fourteen seeks "[a]ny and all depositions from other litigations in which the deponent is a party or witness in this lawsuit." (*Id.*) Judge Arpert found that Plaintiff did not make a showing of relevancy of the requested prior deposition testimony and that the request was overbroad. (*Id.* at 5.)

Interrogatory Number Five requests Defendants to "[i]dentify any documents related to any complaint, grievance, criticism, censure, reprimand or rebuke directed towards any or all of the three defendants, prior to or subsequent to the incident giving rise to this proceeding." (*Id.*) In his decision, Judge Arpert discussed the two claims that remain in this case and found that "Plaintiff has failed to show the relevancy of his request, which is not limited to timeframe or subject matter, to the specific claims against Defendants." (*Id.*)

Here, the Court finds that Judge Arpert properly considered the nature of Plaintiff's discovery requests in relationship to the remaining claims in the case. The Court has also considered the record in this case, including the breadth of Plaintiffs' discovery requests, and finds that Judge Arpert's decisions with respect to Document Request Numbers Seven and Fourteen and Interrogatory Number Five are supported by the record.

### III. Conclusion

The Court finds that Judge Arpert's decisions were neither clearly erroneous nor an abuse of his discretion. Accordingly, for the reasons set forth above, the Court denies Plaintiff's appeal and affirms Judge Arpert's rulings with respect to the denial of pro bono counsel and denial of Plaintiff's motion to compel. The Court will issue an order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 31, 2017

8