<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, | |
| Plaintiff, | Civil Action No. 12-2136 (MAS) (DEA) |
| v. | **MEMORANDUM OPINION** |
| CHARLES E. WARREN, et al., | |
| Defendants. | |

Plaintiff is proceeding with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' motion for summary judgment ("Motion"). (ECF No. 68.) For the reasons stated below, the Motion is denied.

I. **BACKGROUND**

The following facts are taken from the parties' statements of facts. (*See* Defs.' Statement of Undisputed Material Facts, ECF No. 68-3; Pl.'s Decl. in Opp'n, ECF No. 74-1.) All facts are viewed in the light most favorable to Plaintiff, the party opposing the Motion. Plaintiff was an inmate at the New Jersey State Prison during the time period relevant to the case. On May 21, 2011, Plaintiff's brother, Edwin Cordero ("Edwin"), attempted to visit him at the prison. Edwin was screened, like all other visitors, by a narcotics detection canine, and the animal gave a positive indication of narcotics odor on Edwin. A search was conducted on Edwin and his vehicle, but no narcotics contraband was found. Nevertheless, the prison ran a criminal background check on him, and the report came back with a criminal history. Edwin was interviewed, and according to Defendants, he was "deceptive" about the information contained in the report. Based on the positive odor and the cagey behavior, the prison denied Edwin's visit and suspended his visiting

privileges at the prison for six months. Edwin was informed that he may reapply for visiting privileges at the end of the six months.

In the meantime, Plaintiff began filing grievances regarding the visitation ban, without success. At the end of the six months, Edwin reapplied for visiting privileges, but the application was denied after it was "reinvestigated," and the ban on visitation was extended for another six months. Plaintiff asserts that there was never a reinvestigation, and the denial of the application was retaliation against him for filing grievances. Edwin again applied for visitation privileges, and this time, his window visit privileges were restored on June 6, 2012. It was not until April 8, 2013, almost two years later, that full contact-visit privileges were restored.

Plaintiff filed the instant Complaint on April 10, 2012, before any visitation privileges were restored. The Complaint raises (1) a First Amendment retaliation claim, (2) a First Amendment freedom of association claim, and (3) other Eighth Amendment claims. The case was initially assigned to the now-retired Honorable Joel A. Pisano, U.S.D.J., who dismissed the Complaint on screening. (*See* Order, Nov. 16, 2012, ECF No. 3.) Plaintiff appealed, and the Third Circuit affirmed the dismissal of the Eighth Amendment claims, but reversed the dismissal of the First Amendment claims, and remanded for further disposition. *See Cordero v. Warren*, No. 14-2860, slip op. (3d Cir. May 21, 2015) (ECF No. 12-1). The case was then reassigned to the Undersigned and proceeded. The instant Motion was filed after full discovery.

II. **STANDARD OF REVIEW**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-

moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)); *Anderson*, 477 U.S. at 255; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The burden of establishing that no "genuine dispute" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine [dispute] for trial." *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (quotations omitted); *see also Matsushita*, 475 U.S. at 586; *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute

for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 477 (3d Cir. 2013).

There can be "no genuine [dispute] as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). While courts must hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at summary judgment, a *pro se* plaintiff is not exempt from his burden of providing some affirmative *evidence*, *i.e.* not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial. *See Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding that the *pro se* plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Mitchell v. Gershen*, 466 F. App'x 84, 87 (3d Cir. 2011) (upholding a district court's grant of summary judgment against a *pro se* plaintiff for his failure to submit expert testimony in a denial of medical services suit); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law.").

### III. DISCUSSION

Although Plaintiff raises two separate First Amendment claims, Defendants' defense against both claims relies on their contention that the initial denial of Edwin's visiting privileges was justified and constitutional. According to Defendants, there can be no retaliation claim

4

because the initial ban was not in response to Plaintiff's filing of grievances. Defendants also argue that Plaintiff cannot recover damages because he suffered no physical injury. The Court rejects both defenses.

In *Turner v. Safley*, the Supreme Court held that prison regulations implicating First Amendment rights must be "reasonably related to legitimate penological objectives," and cannot be "an exaggerated response to those concerns." 482 U.S. 78, 87-88 (1987). To determine the reasonableness of a prison regulation, *Turner* identified four factors for courts to consider: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) the absence of ready alternatives. *Id.* at 89-90. Although "freedom of association is among the rights least compatible with incarceration[,]" *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003), it does not mean that an inmate's right to association is altogether terminated by incarceration or always irrelevant. *Cordero*, No. 14-2860, slip op. at 6.

Here, Defendants cite to N.J.A.C. § 10A:18-6.3 as the source of their authority to suspend Edwin's visiting privileges. This regulation, in relevant part, states that "[p]ersons determined, by substantial evidence, to have a harmful influence upon the inmate or to constitute a threat to the security of the correctional facility shall be banned from visiting an inmate committed to the custody of the Department of Corrections for a minimum of 365 days[.]" N.J.A.C. § 10A:18-6.3(c). Defendants argue that Edwin's positive narcotics odor and his "deception" regarding his criminal history justified the visitation ban, because they were evidence of harmful influence/security threat. The Court, however, questions the relevance of § 10A:18-6.3(c) in this

case because the regulation required a ban for a minimum of 365 days. Edwin's initial ban, instead, was only for six months. Consequently, it is unclear whether Defendants even applied § 10A:18-6.3(c) in enforcing the ban.

Moreover, even if § 10A:18-6.3(c) was applied, the facts of this case do not justify, as a matter of law, Edwin's ban. As the Third Circuit highlighted in its decision reinstating the First Amendment claims, Defendants did not find any drugs on Edwin. *Cordero*, No. 14-2860, slip op. at 2. Had Edwin been attempting to traffic narcotics into the prison, that would certainly have been a harmful influence or a threat to security, but there was no evidence of any such attempt. Rather, Defendants' conclusion regarding the existence of a harmful influence and/or threat to security appears to be based on circumstantial inferences drawn from a mere odor and past criminal history. The Court cannot find, as a matter of law, that there was a valid, rational connection between Defendants' actions and the legitimate governmental interest put forward to justify those actions.

By way of analogy, suppose Edwin was a recreational marijuana user, illegal in the State of New Jersey. Further suppose that his criminal history consisted of a few minor misdemeanor convictions for possession of marijuana, a consequence of his use. Through poor but innocent judgment, he decided to smoke marijuana immediately prior to his visit to the prison. In this hypothetical, the odor identified by the canine would be marijuana, Edwin would clearly have a criminal history, and Defendants would not have found any drugs on him, because he had no intention of smuggling or doing anything harmful or dangerous. Essentially, this hypothetical is legally indistinguishable from the facts of this case. Here, it is plausible that a reasonable jury could find Defendants' ban on Edwin unjustified. The Court uses this hypothetical to highlight the fact-specific nature of the issue Defendants ask this Court to decide, a decision which properly

belongs to a jury. Indeed, Plaintiff asserts that the odor detection was a false-positive, and state regulation itself prohibits visitation bans based on a visitor's criminal history, *see* N.J.A.C. § 10A:18-6.3(b) ("Any person with an adult criminal conviction . . . shall not be automatically excluded from visiting an inmate."), evidence that further brings into question the legitimacy of Defendants' actions.[1] The Court, therefore, cannot find that Defendants are entitled to judgment as a matter of law.

Citing to 42 U.S.C. § 1997e(e), Defendants further contend that Plaintiff is not entitled to relief because "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). Section 1997e(e), however, only bars compensatory damages, not nominal and punitive damages. *Mack v. Yost*, 427 F. App'x 70, 74 n.2 (3d Cir. 2011) (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 251-52 (3d Cir. 2000)); *see Alexander v. Riga*, 208 F.3d 419, 429 (3d Cir. 2000) ("[E]ven absent proof of actual injury, nominal damages are to be awarded to recognize violation of a constitutional right") (citing *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978)). Indeed, similar to *Mack*, the Amended Complaint does not seek compensatory damages. (Am. Comp. 15, ECF No. 5-2 ("Order Defendants to pay nominal and punitive damages.").); *see Mack*, 427 F. App'x at 74 n.2 ("He has not, as the Magistrate Judge

---

[1] The Court notes that § 10A:18-6.3(b) authorizes 60-day bans on visitors who may not be forthcoming about their adult criminal convictions, but this is not the reason Defendants proffered for the ban, nor do Defendants submit evidence that Edwin had any criminal convictions. Indeed, Edwin, through declaration, asserts that Defendants were aware of his prior arrest history because he had fully disclosed them previously and was approved for visitation. (Decl. of Edwin Cordero 1, ECF No. 74-3.) Furthermore, § 10A:18-6.3(b) would not explain why the ban lasted almost two years before visiting privileges were fully restored.

erroneously stated, requested compensatory damages."). The Court, accordingly, rejects this defense, and the Motion is denied.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: August 8th, 2018